UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MARK WILLIAMS,**

    **Petitioner,**

**-vs-**                                                                   **Case No. 8:12-CV-1235-T-27TBM**

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

    **Respondent.**
_____/

## ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging convictions for armed burglary, attempted robbery, and shooting into a building entered in 2005 by the Tenth Judicial Circuit Court, Polk County, Florida (Dkts. 1, 2). The Court directed Petitioner to file an amended petition (Dkt. 3), which Petitioner subsequently filed (Dkt. 5). Respondent filed a response to the amended petition (Dkt. 16). Although afforded the opportunity, Petitioner did not file a reply to the response (see Dkt. 9 at p. 4). Upon consideration, the amended petition will be denied.

## PROCEDURAL HISTORY

On June 26, 2002, Petitioner was charged by Information with burglary with an assault or battery while armed, attempted armed robbery, and shooting into a building (Resp. Ex. 1, Vol. I at record pp. 76-77). On August 3, 2005, a jury convicted Petitioner as charged in the Information (Id. at record pp. 132-33). Petitioner was sentenced as a prison releasee reoffender to a term of life imprisonment on the armed burglary count, a term of 20-years' imprisonment on the attempted armed robbery count, and a term of 15-years imprisonment on the shooting into a building count,

with all sentences to run concurrently (Id. at record p. 139). On February 16, 2007, the state appellate court affirmed (Resp. Ex. 4); *Williams v. State*, 949 So. 2d 209 (Fla. 2d DCA 2007) [table].

On June 18, 2007, Petitioner filed a motion for post-conviction relief pursuant to Florida Rules of Criminal Procedure, Rule 3.850, alleging five claims of ineffective assistance of trial counsel, and one claim of prosecutorial misconduct (Resp. Ex. 6). On September 26, 2007, the state post-conviction court denied Claims 2, 3, 5 and 6, and directed the State to respond to Claims 1 and 4 (Resp. Ex. 7). On October 2, 2009, Petitioner filed an amended Rule 3.850 motion in which he alleged an additional ineffective assistance of trial counsel claim (Resp. Ex. 8). On March 4, 2010, the state post-conviction court dismissed the amended Rule 3.850 motion as untimely (Resp. Ex. 9). Following the July 23, 2010 evidentiary hearing on Claims 1 and 4 of the original Rule 3.850 motion (see Resp. Ex. 11, Vol. I at record pp. 152-79, Vol. II at record pp. 180-233), the state post-conviction court denied the claims on July 20, 2010 (Resp. Ex. 10). On September 14, 2011, the state appellate court affirmed the denial of Rule 3.850 relief (Resp. Ex. 15); *Williams v. State*, 75 So. 3d 283 (Fla. 2d DCA 2011) [table].

Petitioner filed his original federal habeas petition in this Court (Dkts. 1-2). Subsequently, he filed his amended petition raising four grounds for relief (Dkt. 5):

1-3. Trial counsel was ineffective

    a. in failing to introduce exculpatory photographs at trial;

    b. in making comments during closing argument that left the jury with the impression that Petitioner was involved in other criminal activity;

    c. in advising Petitioner not to testify at trial; and

4. The state trial court erred in failing to grant defense counsel's request for jury instructions

on lesser-included offenses.

## STANDARDS OF REVIEW

**Standard of Review Under the AEDPA**

The amended petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Under AEDPA, habeas relief can only be granted if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254(d) sets forth a highly deferential standard for federal court review of a state court's findings of law and fact. It provides that habeas relief may not be granted on a claim adjudicated on the merits in state court unless such determination:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

The Supreme Court has explained the deferential review of a state court's findings:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's factual findings must also be given deference. Specifically, a state court's determinations of fact "shall be presumed to be correct," and

3

the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Henderson v. Campbell*, 353 F.3d 880, 890-91 (11th Cir. 2003).

**Ineffective Assistance of Counsel Standard**

To have a facially valid claim alleging ineffective assistance of counsel, Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*.

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010). "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011). As the *Richter* Court explained:

> The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id*. (citations omitted).

**Exhaustion of State Remedies and Procedural Default**

Before a district court can grant habeas relief to a state prisoner under § 2254, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. See § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526

U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). A state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary." *Pruitt v. Jones*, 348 F.3d 1355, 1358-59 (11th Cir. 2003) (quoting *O'Sullivan*, 526 U.S. at 845.)

To exhaust a claim, a petitioner must make the state court aware of both the legal and factual bases for his claim. *See Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass on and correct alleged violations of its' prisoners federal rights.'") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). A federal habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State. . .if he has the right under the law of the State to raise, by any available procedure, the question presented." *Pruitt*, 348 F.3d at 1358. The prohibition against raising an unexhausted claim in federal court extends to both the broad legal theory of relief and the specific factual contention that supports relief. *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004).

The requirement of exhausting state remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each appropriate state court *and alerts that court to the federal nature of the* claim. 28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). A petitioner may raise a federal claim in state court "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such claim on federal grounds, or simply by labeling the claim 'federal.'" *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

5

The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F. 3d 695, 703 (11th Cir. 1999). *See also Murray v. Carrier*, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice but that they worked to his actual and substantial disadvantage and infected the entire trial with error of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982). The petitioner must show at least a reasonable probability of a different outcome. *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

Alternatively, a petitioner may obtain federal habeas review of a procedurally defaulted claim if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Carrier,* 477 U.S. at 495-96. A fundamental miscarriage of justice occurs in an extraordinary case where a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must show a reasonable likelihood of acquittal absent the constitutional error. *Schlup*, 513 U.S. at 327.

# DISCUSSION

**Ground One**

Petitioner contends that trial counsel rendered ineffective assistance in failing to introduce exculpatory photographs into evidence. According to Petitioner, the photographs depicted an individual named Darrell Miller inside a convenience store. Petitioner states that witness Audrey Scott testified that the man who followed her into that convenience store was the same man who came into her house later that day and attempted to rob her roommate Cornelius Gaskins. Petitioner argues that had counsel introduced the photographs during the trial, the jury would have seen that Petitioner was not the man in the photographs and therefore would have concluded that Petitioner was not the man who entered Scott and Gaskins' home.

In state court, Petitioner raised this claim in Ground 1 of his original Rule 3.850 motion (Resp. Ex. 6 at record p. 25). After an evidentiary hearing, the state post-conviction court denied the claim as follows:

> In claim 1 of his motion, Defendant alleged that trial counsel was ineffective for failing to introduce exculpatory evidence at trial. Specially, the evidence alleged by the Defendant is five photographs. At the hearing, Mr. Jackson testified the photographs were disclosed as part of the State's discovery. Although he did not have notes of the specific date he reviewed discovery with the Defendant, Mr. Jackson indicated it was his standard practice to review discovery with clients. Mr. Jackson further testified as to the specific content of the photographs in question, that four of the photographs depict a person, while the remaining photo depicts a vehicle. Mr. Jackson testified that because the pictures were unclear, he made a strategic decision not to introduce them to the jury out of concern that the jury would believe it was actually the Defendant depicted in the photographs.
>
> The Defendant confirmed that he reviewed the photographs as part of the discovery with Mr. Jackson. The Defendant testified that he told Mr. Jackson he wanted the photos introduced at trial. Defendant stated that when he was initially questioned by law enforcement, he told the officers it was not him in the photographs but rather identified the person as someone he knew as "Daytona." Defendant

asserted that had the jury seen the photographs they would have known it was not him depicted in them. He further asserted that his identification of someone else in the photographs would have contradicted the testimony of Audrey Scott, a witness who identified the Defendant as the perpetrator at trial.

In order to prevail on an ineffective assistance of counsel claim, Defendant must establish both prongs of a two-prong test. First, Defendant must show that trial counsel made errors or omissions in the representation "so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment." Second, Defendant must establish that, because of the errors or omissions, there is "a reasonable probability that the outcome would have been different." Both prongs must be established before a claim of ineffective of counsel will be found. *See* Schofield v. State, 681 So. 2d 736, 737-38 (Fla. 2d DCA 1996), *remanded on other grounds*, 861 So. 2d 1244 (Fla. 2d DCA 2003); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

At an evidentiary hearing on a claim of ineffective assistance of counsel under Rule 3.850, the burden of proof lies with the Defendant. Williams v. State, 974 So. 2d 405 (Fla. 2d DCA 2007). Mr. Jackson testified that he chose not to introduce the photographs because they did not conclusively exonerate the Defendant, and he feared the jury would identify the Defendant in the photographs. The Court finds that the Defendant in this case has failed to "overcome presumption that . . . the challenged action might be sound trial strategy." *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)) ("Strategic decisions do not constitute ineffective assistance of counsel if alternative courses of action have been considered and rejected and counsel's decision was reasonable under the norms of professional conduct." Chavez v. State, 12 So. 3d 199 (Fla. 2009).

Even if the decision of Mr. Jackson to not introduce the photographs were to be considered error, the Defendant's claim would still fail. Under Strickland, the Defendant must not only show that counsel committed error but also that but for the error, there is a "reasonable probability that the outcome would have been different." Strickland, 466 U.S. 668 (1984). At trial, the Defendant was identified as the perpetrator by two witnesses. In addition, an incriminating statement made by the Defendant was introduced via law enforcement a[t] trial. Taken into consideration with the additional evidence on the above, Defendant's claim that trial counsel was ineffective for failing to introduce exculpatory photographs at trial is **DENIED**.

(Resp. Ex. 10 at pp. 2-3).

The state post-conviction court's determination that Petitioner failed to demonstrate deficient

8

performance was not objectively unreasonable, and was not based on an unreasonable determination of the facts. During the evidentiary hearing on the Rule 3.850 motion, Petitioner's trial counsel testified that the photographs were "kind of fuzzy," and it was his "recollection and [his] opinion that none of these photographs conclusively are of [Petitioner] or are not of him." (Resp. Ex. 11, Vol. I at transcript pp. 10-11). Because the pictures were "fuzzy," counsel "was concerned that the jury may believe that that was in fact [Petitioner] in the convenient [sic] store and in those pictures." (Resp. Ex. 11, Vol. II at transcript p. 34). After he was shown the photographs during the evidentiary hearing, trial counsel testified "I don't see how. . .any of these pictures could be affirmatively identified to anyone." (Resp. Ex. 11, Vol. I at transcript p. 20). Even Petitioner's post-conviction counsel stated (while questioning Petitioner) that the photographs looked "pretty unclear." (Resp. Ex. 11, Vol. II at transcript p. 49). Because it was unclear who the person depicted in the photographs was, and trial counsel was concerned that the jury would conclude that Petitioner was the person in the photographs, trial counsel's decision not to introduce the photographs at trial was sound trial strategy.

Additionally, the state post-conviction court's determination that Petitioner had failed to show prejudice from trial counsel's failure to present the photographs during trial was not objectively unreasonable. At trial, Audrey Scott definitively identified Petitioner as the man she saw enter her home, point a gun at Cornelius Gaskins, and demand money (Resp. Ex. 1, Vol. II at transcript pp. 25-29, 33-34). Although during trial Gaskins did not identify Petitioner as the perpetrator (Id. at transcript p. 46), he did identify Petitioner from a photopack he was shown shortly after the burglary (Id. at transcript pp. 46-49, 94-95). And William Pullen, who had driven to and back from the convenience store with Audrey Scott, also identified Petitioner from the photopack and during trial

(Id. at transcript pp. 73-74, 80-81, 94-95). Moreover, Detective Smith testified during trial that Petitioner made inculpatory statements, including "I'm the only one that's fucked in this shit because I pulled the trigger inside that man's house" (Id. at transcript p. 102), and "No, man, Bodison wasn't with me. It was Daytona, a guy called Daytona. Bodison had nothing to do with it." (Id. at transcript p. 103).

In light of the strong evidence of Petitioner's guilt, there is no reasonable probability that the photographs would have changed the outcome of the trial. Therefore, Petitioner has failed his burden to demonstrate that he was prejudiced by trial counsel's failure to present the photographs at trial.

Petitioner has failed to show that the state post-conviction court's denial of this ineffective assistance of trial counsel claim was an unreasonable application of *Strickland* or based on an unreasonable determination of the facts. Accordingly, Ground One does not warrant federal habeas relief.

**Ground Two**

Petitioner contends that during closing argument, defense counsel was ineffective in making a statement that gave the jury the impression that Petitioner was involved in criminal activity unrelated to the crimes for which he was being tried. Specifically, Petitioner takes issue with the following remarks during defense counsel's closing argument:

> One other point on that, assuming that Mr. Williams, you know, did state the things that the detective said he did, assuming that to be the case, I would submit that it may be an admission to some other type of criminal activity that Mr. Williams may have been engaged in, but not this one. They said - - or the detective said that Mr. Williams indicated it was Daytona that was involved with this thing.

(Resp. Ex. 1, Vol. III at p. 196).

Respondent contends that Petitioner procedurally defaulted this claim because he did not assert it until he filed his amended Rule 3.850 motion, which was dismissed as untimely (see Resp. Exs. 8, 9). The Court agrees.

When a petitioner is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted. *Henderson*, 353 F.3d at 891. Ground Two was found to be procedurally defaulted by the state court because it was raised in an untimely amended Rule 3.850 motion (Resp. Ex. 9). The dismissal of this claim as untimely constitutes a state court application of a state procedural bar precluding federal review. *Baldwin v. Johnson*, 152 F.3d 1304 (11th Cir. 1998). Because Petitioner shows neither cause and prejudice nor manifest injustice to overcome the procedural default, Ground Two is procedurally barred from federal review.

Additionally, the claim is unexhausted and now procedurally defaulted because Petitioner did not raise the claim on appeal from the denial of Rule 3.850 relief.[1] Before a district court can grant habeas relief to a state prisoner under § 2254, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. See § 2254(b)(1)(A); *O'Sullivan*, 526 U.S. at 842. A state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary." *Pruitt*, 348 F.3d at 1358-59 (quoting *O'Sullivan*, 526 U.S. at 845).

When Petitioner appealed the denial of Rule 3.850 relief, he did not raise this claim in his brief to the appellate court (Resp. Ex. 12). To obtain appellate review of the claim, Petitioner was

---

[1] Respondent pleads failure to exhaust state remedies (Dkt. 16 at pp. 16-18).

required to raise and fully address the merits of the issue in his appellate brief. See Fla. R. App. P. 9.141(b)(3)(C). Petitioner therefore failed to invoke the state court's established appellate review process as to this claim. Consequently, Petitioner failed to exhaust his state remedies.

Any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine, because the state rule requiring submission of an appellate brief bars Petitioner from returning to state court to challenge the denial of this claim in a second appeal of the denial of the Rule 3.850 motion, see Fla. R. App. P. 9.141(b)(3)(C), and any further attempt to raise the claim in another Rule 3.850 motion would be subject to dismissal as untimely and successive. See Fla. R. Crim. P. 3.850(b), (h). Petitioner's failure to assert on post-conviction appeal the claim presented in Ground Two of his federal habeas petition results in the default of this ground. *See Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979) (stating that exhaustion of a claim raised in a Rule 3.850 motion includes an appeal from the denial of the motion). Petitioner makes none of the requisite showings to excuse his procedural default. The procedural default therefore bars federal habeas review of Ground Two.

Accordingly, Ground Two does not warrant federal habeas relief.

**Ground Three**

Petitioner contends that trial counsel was ineffective in advising him not to testify. Specifically, Petitioner asserts that counsel misadvised him that if he did not testify, the State would be prohibited from questioning Detective Smith regarding an incriminating statement Petitioner made while in custody.[2]

---

[2] During Petitioner's trial, Detective Smith testified, in pertinent part, that Petitioner stated "I'm the only one that's fucked in this shit because I pulled the trigger inside that man's house." (Resp. Ex. 1, Vol. II at p. 102).

Respondent argues that this claim is unexhausted and procedurally defaulted because Petitioner "did not fairly present his ground [to the appellate court] by briefing such with specific argument thereon in his postconviction appeal." (Dkt. 16 at p. 19). The Court agrees.

In Florida, an appellant is considered to have abandoned claims which were not briefed with specific argument thereon. *Simmons v. State*, 934 So.2d 1100, 1111 n. 12 (Fla. 2006) (citing *Coolen v. State*, 696 So.2d 738, 742 n.2 (Fla. 1997)). Because Petitioner did not present specific argument with respect to this claim in his brief on post-conviction appeal,[3] he waived or abandoned it. Consequently, Petitioner failed to exhaust his state remedies with regard to the claim he raises in Grounds Three of his federal habeas petition.

Any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine, because state rules bar Petitioner from returning to state court to challenge the denial of this claim in a second appeal of the denial of the Rule 3.850 motion, see Fla. R. App. P. 9.141(b)(3)(C), and any further attempt to raise the claim in another Rule 3.850 motion would be subject to dismissal as untimely and successive. See Fla. R. Crim. P. 3.850(b), (h). Petitioner's failure to assert on post-conviction appeal the claim presented in Ground Three of his federal habeas petition results in the default of this ground. *See Leonard*, 601 F.2d at 808. Petitioner makes none of the requisite showings to excuse his procedural default. The procedural default therefore bars federal habeas review of Ground Three.

Additionally, even if Ground Three was not procedurally barred, it would fail on the merits.

---

[3] Although in his brief Petitioner indicated that the state post-conviction court held an evidentiary hearing on two claims, counsel failing to present evidence at trial and counsel misadvising Petitioner not to testify, Petitioner presented argument only with respect to one claim, counsel's failure to present evidence (Resp. Ex. 12). He made no argument with respect to his claim that counsel misadvised him not to testify (Id.).

In denying this claim, the state post-conviction court stated:

> The remaining claim alleges ineffective assistance of counsel for advising the Defendant not to testify at trial. At the evidentiary hearing, the Defendant testified that trial counsel advised him not to testify because if he did the incriminating statement he made to law enforcement could be admitted, as well as his juvenile record for possession of a weapon. Defendant asserted that the decision for him not to testify was made appropriately three months prior to the trial actually taking place. Defendant further testified that even after his statement was admitted at trial, that counsel advised him not to testify because it would hurt his chances on appeal if they lost at trial. Upon cross-examination by the State, the Defendant admitted that when questioned by the Judge at trial regarding his right to testify. Defendant indicated he did not want to take the stand.
>
> Mr. Jackson testified to the contrary, that he never told the Defendant his statement would be inadmissible so long as the Defendant did not testify. Mr. Jackson further testified that his main concern with the Defendant testifying was Defendant's quantity of prior impeachable convictions as an *adult* (emphasis added). Mr. Jackson testified that Defendant had approximately eight or nine impeachable convictions on his adult record, and also that Defendant qualified as both a Habitual Felony Offender and Prison Release Reoffender. Mr. Jackson also testified he was concerned that the Defendant would not make a good witness because of his mental health issues. He stated he never indicated to the Defendant that his juvenile record would be known if he chose to testify. According to Mr. Jackson, the decision of the Defendant not to testify was made after the State rested their case at trial. He further indicated concern that the potential harm caused by the jury learning of Defendant's adult priors may outweigh the benefit of the Defendant saying he didn't commit the crime.
>
> To succeed on this claim, Defendant must satisfy a two-prong test, similar to the one required under *Strickland*. ("To obtain postconviction relief, petitioner claiming ineffective assistance of counsel based on counsel's interference with his right to testify must demonstrate both that counsel's performance was deficient and that deficient performance prejudiced defense." Oisorio v. State, 676 So. 2d 1363 (Fla. 1996)). Based on the testimony and evidence presented at the hearing, the Court cannot find that trial counsel's performance was either ineffective or deficient. Because Defendant fails to meet his burden of proof, claim 4 alleging ineffective assistance of counsel for advising the Defendant not to testify is hereby **DENIED**. Accordingly, Ground Two does not warrant federal habeas relief.

(Resp. Ex. 11).

The state post-conviction court's determination that Petitioner failed to demonstrate deficient

14

performance was not objectively unreasonable, and was not based on an unreasonable determination of the facts. During the Rule 3.850 evidentiary hearing, defense counsel testified that he did not advise Petitioner that Petitioner's statements to law enforcement would not be admissible if Petitioner did not testify (Resp. Ex. 11, Vol. II at transcript p. 68). Additionally, defense counsel testified that he was concerned about Petitioner testifying because he had 8 to 12 prior felony convictions and a lengthy mental health history (Resp. Ex. 11, Vol. I at transcript pp. 27-28).

"The decision as to which witnesses to call is an aspect of trial tactics that is normally entrusted to counsel." *Blanco v. Singletary*, 943 F.2d 1477, 1495 (11th Cir. 1991). Defense counsel had sound reasons to advise Petitioner not to testify. Therefore, Petitioner has failed his burden to show that the state post-conviction court's denial of this ineffective assistance of trial counsel claim was an unreasonable application of *Strickland* or based on an unreasonable determination of the facts.

Accordingly, Ground Three does not warrant federal habeas relief.

**Ground Four**

Petitioner contends that the state trial court erred when it refused to instruct the jury on lesser-included offenses to attempted armed robbery and shooting into a building. Respondent contends that to the extent Petitioner attempts to assert a federal claim, it is unexhausted because Petitioner did not present the federal constitutional nature of his claim to either the state trial court or the state appellate court on direct appeal. The Court agrees.

Trial counsel did not present a federal constitutional claim to the trial court when requesting the proposed jury instructions (Resp. Ex. 1, Vol. III at pp. 159-65). Additionally, when Petitioner challenged the denial of the requested instructions on direct appeal, he did not fairly present a federal

constitutional violation to the appellate court (Resp. Ex. 2 at pp. 14-18). His Initial Brief cited solely to state cases (Id.). And the basis of Petitioner's argument was that the trial court's refusal to instruct the jury on lesser-included offenses was error and an abuse of discretion under Florida law (Id.). Petitioner did not indicate in any way that he intended to raise a federal claim, and nothing in his argument would have alerted the state appellate court to the presence of a federal claim (Id.).

A petitioner must present each federal claim to a state court before raising the claim in federal court. "A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in state courts." *Henderson*, 353 F. 3d at 891 (citation omitted). "The AEDPA requires a state prisoner to exhaust all available state court remedies, either on direct appeal or in a state post-conviction proceeding." *Pearson v. Secretary, Dept. of Corrections*, 273 Fed. Appx. 847, 849 (11th Cir. 2008). As *Pearson* notes, federal claims must be presented in a manner that alerts the state court that "the ruling under review violated a federal constitutional right." *Id*. at 849-50. "A state prisoner does not 'fairly present' a claim to a state court if that court must read beyond. . .a brief" to find the federal claim. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

As discussed above, Petitioner's Initial Brief on direct appeal did not fairly present a federal constitutional claim to the state appellate court, and nothing in Petitioner's argument alerted the state appellate court to the presence of a federal claim. Therefore, Petitioner failed to exhaust his federal claim.

Petitioner is now barred by state procedural rules from returning to state court to exhaust his federal claim because a second direct appeal is not available and would be untimely, and the claim may not be raised in a state post-conviction motion. *See Smith v. State*, 741 So. 2d 585 (Fla. 5th

DCA 1999) (recognizing prohibition against successive appeals); *Claughton v. Claughton*, 393 So. 2d 1061, 1062 (Fla. 1980) ("The general law and our procedural rules at both the trial and appellate levels are designed for one final judgment and one appeal."); *Seminole County Bd. of County Comm'Rs v. Long*, 422 So. 2d 938, 942 (Fla. 5th DCA1982) ("The [Florida] constitution gives litigants the right to one appeal from initial judicial action."); Fla. R. App. P. 9.140(b)(3) (defendant wishing to appeal a final judgment must do so within "30 days following rendition of a written order"); Fla. R. Crim. P. 3.850(c) ("This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."); *Harmon v. Barton*, 894 F.2d 1268, 1270 (11th Cir.), *cert. denied*, 498 U.S. 832 (1990) (under Florida law, an issue which could have been raised on direct appeal may not be reviewed in a Rule 3.850 motion). Petitioner's federal claim is therefore procedurally defaulted. Consequently, absent an exception to the procedural default, the claim is barred from review in this Court.

Petitioner has failed to show either cause and prejudice for the default, or that a fundamental miscarriage of justice will result if the claim is not addressed on the merits. Therefore, he is not entitled to federal review of this claim.[4]

Accordingly, Ground Four does not warrant federal habeas relief.

ACCORDINGLY, it is **ORDERED** that:

1. The Amended Petition for Writ of Habeas Corpus (Dkt. 5) is **DENIED**.

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and

---

[4]To the extent Petitioner asserts trial court error, that is a state law issue. A claim that solely involves state law is not cognizable in a § 2254 petition. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).

close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability (COA). A petitioner does not have absolute entitlement to appeal a district court's denial of his habeas petition. 28 U.S.C. § 2253(c)(1). A district court must first issue a COA. Id. Petitioner is only entitled to a COA if he demonstrates that reasonable jurists would find debatable whether the Court's procedural ruling was correct and whether the § 2254 petition stated "a valid claim of the denial of a constitutional right." Id.; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To make a substantial showing of the denial of a constitutional right, Petitioner "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack*, 529 U.S. at 484), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner cannot make the requisite showing because he cannot demonstrate that reasonable jurists would debate whether the Court's procedural rulings were correct, or whether the amended petition stated a substantial denial of a constitutional right. And because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** in Tampa, Florida, on MAY 29th, 2015.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy to: Petitioner *pro se*
Counsel of Record